UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO.:

ROBERT THOMPSON,

    Plaintiff,

vs.

MEDXCEL FACILITIES
MANAGEMENT, LLC,
a Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ROBERT THOMPSON ("Mr. Thompson" or "Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, MEDXCEL FACILITIES MANAGEMENT, LLC ("Defendant" or "MFM"), a foreign limited liability company, and states as follows:

1. Plaintiff brings this action for disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

2. Plaintiff is seeking damages including back pay, front pay, declaratory relief, injunctive relief, compensatory damages, punitive damages and her attorneys' fees and costs.

## PARTIES

3. Plaintiff is an adult individual who, at all times relevant, worked for Defendant in Pensacola, Escambia County, Florida, and nearby/adjacent counties.

4. Defendant is a foreign limited liability company organized under the laws of Indiana that operates and conducts business in Pensacola, Escambia County, Florida, and is therefore within the jurisdiction of this Court.

5. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

    b. Plaintiff was discriminated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

6. Defendant was at all material times an "employer" as defined by the ADA, as it employed in excess of fifteen (15) employees.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's ADA claim pursuant to 28 U.S.C. § 1331 as it arises under 42 U.S.C. § 12101, *et seq.*

8. Plaintiff worked for Defendant in Escambia County, Florida, and therefore the proper venue for this case is the Pensacola Division of the Northern District of Florida.

## CONDITIONS PRECEDENT

9. On or about September 7, 2021, Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR"), alleging disability discrimination.

10. On September 26, 2022, the EEOC mailed Plaintiff a Notice of Right to Sue against

Defendant, giving Plaintiff the right to bring a civil action on his disability discrimination claim within ninety (90) days of her receipt of same.

11. Plaintiff timely files this action within the applicable period of limitations against Defendant, and has complied with all administrative prerequisites.

12. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

13. Mr. Thompson worked for MFM in Pensacola, Escambia County, Florida, as a Landscape Technician 1 from January 2, 2019, until his termination on December 4, 2020.

14. Unfortunately, in the Summer of 2020, Mr. Thompson was plagued with flareups of a disability, specifically back pain with associated radiculopathy, weakness, and reduced range of motion in a lower extremity.

15. On August 31, 2020, Mr. Thompson's treating physician provided him a note restricting him to light duty.

16. Mr. Thompson provided the note to his MFM Supervisor, Cody Courtney, in the first week of September of 2020.

17. In response, Mr. Courtney stated that MFM does not provide light duty.

18. This was completely untrue.

19. Indeed, two (2) of Mr. Thompson's co-workers were on light duty at that very time, and one of these two individuals had never even provided MFM any sort of doctor's note at all.

20. After that date, MFM went out of its way to assign Mr. Thompson the most physically grueling tasks, while other, non-disabled co-workers rode by all day long without accomplishing much of anything.

21. In late November of 2020, Mr. Courtney pulled Mr. Thompson aside.

3

22. At that time, Mr. Courtney growled angrily that Mr. Thompson was somehow "slow" and threatened to terminate his employment, "fast and quick."

23. Mr. Thompson reminded Mr. Courtney that he remained subject to light duty restrictions.

24. Mr. Courtney angrily and wrongly rejoined, "that expired after 30 days!"

25. Not surprisingly, approximately one (1) week later, on December 4, 2020, Mr. Thompson was informed by Cody Horne in MFM's Human Resources Department that MFM had decided to terminate his employment, effective immediately.

26. Defendant did not have a legitimate, non-discriminatory reason for its actions.

27. MFM terminated Mr. Thompson's employment owing to his disability and requests for accommodation, and/or its perception of Mr. Thompson as disabled.

28. The timing of Plaintiff's disclosure of his disability and MFM's mistreatment of Plaintiff and termination of Plaintiff's employment creates a close temporal proximity between the events.

29. Mr. Thompson's health condition is considered a protected disability under the ADA.

30. Plaintiff was qualified to perform the essential functions of the position, but MFM believed that due to his disability, and/or its perception of Plaintiff's disability, Plaintiff could not continue employment with Defendant.

31. The ADA requires an employer to provide its disabled employees with reasonable accommodation, if such reasonable accommodation would allow that employee to perform the essential functions of his or her job, unless doing so would impose an undue hardship.

32. Defendant failed to accommodate Plaintiff's disability and related symptoms, despite stating initially that it would.

33. Defendant's actions are the exact type of unfair employment practices that the ADA was intended to prevent.

34. Defendant lacked a good faith basis for its actions.

35. The facts surrounding Plaintiff's termination create a strong inference of disability discrimination in violation of the ADA.

36. MFM was aware of Mr. Thompson's ADA-protected medical condition and his need for accommodation.

37. Defendant, however, being well aware of Plaintiff's disability, discriminated against Plaintiff for requiring reasonable accommodation for same.

38. Mr. Thompson is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of the Landscape Technician 1 position, and had been doing so.

39. Reasonable accommodation would have permitted Mr. Thompson to perform his job duties, and would have imposed no undue hardship on Defendant.

40. In the alternative, Defendant perceived/regarded Plaintiff as disabled based on the disclosure of his medical condition, and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could in fact perform same with or without reasonable accommodation.

41. Defendant's reason for terminating Plaintiff's employment is direct evidence of its intent to insulate its workplace from a disabled employee, or an employee whom Defendant perceived/regarded as disabled, in violation of the ADA.

42. Defendant's termination of Plaintiff constitutes an adverse action as defined by the ADA.

43. At all times material hereto, Plaintiff was ready, willing and able to perform his job duties with or without reasonable accommodation.

44. Despite the availability of a reasonable accommodation under the ADA, which would not have caused Defendant an undue burden, and despite the fact that Plaintiff was not, and would not be, prevented by his medical condition from completing the assigned job duties, Defendant discriminated against Plaintiff based on his disability and need for medical treatment/accommodation.

45. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions, or privileges" of Plaintiff's potential employment as envisioned by the ADA.

46. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity, but was treated by Defendant as if it did.

47. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

48. Defendant does not have a non-discriminatory rationale for allowing and participating in the discrimination suffered by Plaintiff.

49. Any reason provided by Defendant for its termination of Plaintiff is a pretext and cover-up for illegal discrimination.

50. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant. Therefore, he is a member of a protected class as envisioned by the ADA.

51. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately was terminated, because of his disability and/or "perceived disability."

52. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification

of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

53. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of his job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

54. As a result of Defendant's unlawful and discriminatory termination of his employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

55. Plaintiff has suffered damages as a result of Defendant's conduct, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

56. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

57. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 56 of the Complaint, above, as if fully set forth in this Count.

58. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

59. The discrimination to which Plaintiff was subjected was based on his disability, or Defendant's perception that Plaintiff was disabled.

60. Defendant unlawfully terminated Plaintiff's employment based on his medical condition and disability, and/or perceived disability.

61. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

62. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

63. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 6th day of December, 2022.

Respectfully Submitted,

By: **/s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Rd. 84 Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*